CARR (HOXIE v.). See Case No. 6,802.

# Case No. 2,439.

## CARR v. RICE.

[4 Blatchf. 200;[1] 1 Fish. Pat. Cas. 325.]

Circuit Court, S. D. New York. Sept. 10, 1858.

PATENTS—"BRAN-DUSTER"—VALIDITY.

1. Where, in the patent to Frost and Monroe, of February 27th, 1849. reissued March 13th, 1855, for an "improvement in machinery for separating flour from bran," containing four claims, the third claim was in these words: "The upright stationary bolt, or bolt and scourer combined, with its top or cover, or in combination with claims 1, 2 and 4, or either of them, or their equivalents, to produce like results in the flouring process:" Held, that such claim was bad, for uncertainty.

2. The fourth claim was one for "the use of the revolving, distributing, scouring and blowing cylinder of beaters and fans, by which the material is distributed, scoured, and the flour blown through the meshes of the bolting cloth:" Held. that such claim was one to a legal result, and bad on its face.

This was an action at law, for the infringement of reissued letters patent [No. 302] granted to Issachar Frost and James Monroe, March 13th, 1855, for an "improvement in machinery for separating flour from bran," commonly called a bran-duster. The plaintiff [John M. Carr] was the assignee of the patentees. The original patent [No. 6,148] was granted to them February 27th, 1849. At the trial, the plaintiff had a verdict [Case No. 2,440], and the defendant [John Rice] now moved for a new trial.

Charles M. Keller and George Gifford, for plaintiff.

Charles Tracy, for defendant.

NELSON, Circuit Justice. The plaintiff's machine consists of three essential parts: (1) An exterior cylindrical case; (2) within this, a cylindrical bolt, made of wire bolting cloth; and (3) a revolving cylinder, or scourer. There is also a cover or top to the cylindrical case, and a hole through it for the shaft of the revolving cylinder; also, a bottom on which rest the case, the bolt, and the scourer, with a hole for the other end of the shaft. There are also conductors for the discharge of the flour and bran. The claims of

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the patentees are: (1) The horizontal bottom, when used in connection with the upright stationary (or revolving) bolt for flouring purposes; (2) the opening for the admission of a counter-current of air, through the bottom and into the bolt, and the bran spout, as described, in combination with the bottom; (3) the upright stationary bolt, or bolt and scourer combined, with its top or cover, or in combination with claims 1, 2 and 4, or either of them, or their equivalents, to produce like results in the flouring process; and (4) the use of the revolving, distributing, scouring, and blowing cylinder of beaters and fans, by which the material is distributed, scoured, and the flour blown through the meshes of the bolting cloth. It will be observed, that the patentees claim none of the component parts of the bran-duster as original or new, but limit their claims to certain combinations of the several parts making up the entire machine or instrument.

The first claim is, in few words, for the combination of the bottom with the bolt, for the use specified. The second is for the combination of the opening in the bottom for the admission of air, and the bran spout, with the bottom itself. The third claim is good for nothing, on account of its uncertainty. Nothing is claimed absolutely, as the whole is in the alternative. The claim is for the upright bolt, or bolt and scourer combined, (which?) with the top, or in combination with claims 1, 2 and 4, or either of them, or their equivalents. The fourth claim is a claim to a legal result—the use of the revolving, &c., cylinder of beaters and fans. Now, if the patentees were the inventors of this cylinder of beaters, they would, as matter of law, be entitled to the exclusive use of it, but not without. This they have not ventured to claim, and it is difficult to see how, with the implied admission that they were not its inventors, they can claim an exclusive right to the use of it.

The first and second claims are, therefore, in my judgment, the only ones that can be upheld, as the others are bad on the face of them; and, as it respects these two claims, the defendant is not chargeable with an infringement. No such combination of parts is found in his bran-duster. The elements of his combination are different. He uses a revolving bolt, and a differently constructed bottom. Both the plaintiff's and the defendant's machines are but improvements upon Ashby's, which was patented in 1846; and the defendant's is as different from the plaintiff's as his is from Ashby's.

A new trial must be granted, with costs to abide the event.

[NOTE. Patent No. 6,148 was granted to Frost & Monroe, February 27, 1849; reissued March 13, 1855 (No. 302), and February 25, 1862 (No. 1,280). For other cases involving this patent, see Swift v. Whisen, Case No. 13,700; Carr v. Rice, Id. 2,439; Burr v. Smith, Id. 2,196.